UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                          CIVIL ACTION


VERSUS                                            NO. 11-271


MARC GUYTON, ET AL.                               SECTION "H"(3)



ORDER AND REASONS



Before the Court is a Motion to Sever filed by Defendant Jose Iturres–Bonilla.  (R. Doc. 479.)

For the following reasons, the Motion is DENIED AS UNTIMELY.



BACKGROUND

On January 21, 2013, the Court held a status conference.  Eddie Jordan participated on

behalf of Defendant Jose Iturres-Bonilla.  The Court ordered, *inter alia*, that "[a]ll pre-trial motions

. . . be filed in time to permit hearing thereon no later than February 28, 2013, absent good cause

shown."  (R. Doc. 428 ¶2.)  Thus, under Local Rule 7.2, pre-trial motions were required to be filed

by February 13, 2013.

Despite this deadline, Mr. Jordan filed a Motion to Sever on February 28, 2013.  (R. Doc.

479.)  The Motion was erroneously set for submission the same day, in violation of Local Rule 7.2.

The Clerk took corrective action and noticed the Motion for the next available submission date,

1

March 21, 2013.  Given that the Motion was filed 15 days after the deadline for pre-trial motions,

the Court ordered Mr. Jordan to show good cause in writing why the Court should accept his late

filing.  (R. Doc. 487.)


## LAW AND ANALYSIS

For the following reasons, the Court finds that Mr. Jordan has failed to show good cause.

Therefore, the Motion is denied as untimely.

Mr. Jordan argues good cause exists  for his late filing.  Mr. Jordan avers that discovery in

this matter has been "voluminous, unwieldy, difficult and time-consuming to review," especially

given the fact that Mr. Jordan is a solo-practitioner.  Mr. Jordan further avers that he has been

unable to review certain electronic discovery materials until recently, despite conceding that these

materials were provided "several months ago."  Mr. Jordan notes the language barrier between

he and his client (Mr. Iturres–Bonilla does not speak English) as further justification for his late

filing.

This Court is certainly cognizant of the hardships inherent in representing defendants in a

case of this size and magnitude.  On the other hand, the Court is equally cognizant of the need to

establish firm deadlines in order to ensure a just and expeditious disposition.  Here, Mr. Jordan's

inability to comply with this Court's filing deadline stems more from his own choices than anything

else.  Indeed, the remaining 9 defendants in this matter—many of whom are also represented by

solo practitioners—adhered to the pre-trial motion deadline.  Allowing Mr. Jordan to file his Motion

at this late juncture would open the flood gates for more late motions, thereby undermining the

pre-trial schedule which the parties and this Court worked so diligently to confect.

**CONCLUSION**

For the reasons previously stated, the Motion is DENIED AS UNTIMELY.

New Orleans, Louisiana, this 6th day of March, 2013.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**