# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 11-271** |
| **JOSE ITURRES-BONILLA** | **SECTION: "H"(1)** |

## ORDER AND REASONS

Before the Court are Defendant Jose Iturres-Bonilla's Petition for Relief under 28 U.S.C. § 2255 (Doc. 1446) and Motion to Expand the Record (Doc. 1447). For the following reasons, Defendant's Petition for Relief is **DENIED**, and the Motion to Expand the Record is **GRANTED**.

## BACKGROUND

On May 24, 2013, a jury convicted Defendant Jose Iturres-Bonilla of Conspiracy to Possess with Intent to Distribute One Kilogram or More of Heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; and Use of a Communication Facility in Committing Conspiracy to Distribute Heroin in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. He was sentenced by this Court to 292 months' imprisonment and five years of supervised release. His

1

sentence was subsequently reduced to 235 months pursuant to the retroactive application of 18 U.S.C. § 3582(c)(2).

Defendant now moves for relief from his sentence or conviction pursuant to 28 U.S.C. § 2255 on the basis of ineffective assistance of trial, sentencing, and appellate counsel. Defendant also seeks to include two declarations in support of his motion. The Government has not specifically opposed Defendant's request to expand the record to include these declarations, and this Court considered the declarations in resolving Defendant's § 2255 motion. Accordingly, Defendant's Motion to Expand the Record is granted. The Court will consider each of Defendant's arguments for relief under § 2255 in turn.

## **LEGAL STANDARD**

28 U.S.C. § 2255(a) provides a prisoner with four grounds upon which he may seek relief from his sentence: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack."[1] Generally, a claim not raised on direct appeal may not be raised on collateral review "unless the petitioner shows cause and prejudice" or actual innocence.[2] The Supreme Court has held, however, that "failure to raise an ineffective-assistance-of-counsel claim on

---

[1] 28 U.S.C. § 2255(a).
[2] Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 622 (1998).

2

direct appeal does not bar the claim from being brought" in a § 2255 proceeding.[3]

## **LAW AND ANALYSIS**

Defendant alleges that he was deprived of effective assistance of counsel during his trial, sentencing, and appeal. "The Sixth Amendment requires effective assistance of counsel at critical stages of a criminal proceeding," which includes during trial.[4] Nevertheless, "the right to counsel does not guarantee error-free counsel."[5]

The Supreme Court in *Strickland v. Washington* established a two-part test to determine when a defendant's right to effective assistance of counsel has been violated.[6] "To demonstrate that counsel was constitutionally ineffective, a defendant must show that [1] counsel's representation 'fell below an objective standard of reasonableness' *and* [2] that he was prejudiced as a result."[7]

"When evaluating the first *Strickland* criterion, [the Court] 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"[8] Courts "must make 'every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the

---

[3] *Massaro*, 538 U.S. at 509; *see also, e.g.*, United States v. Johnson, 124 F. App'x 914, 915 (5th Cir. 2005).
[4] Lafler v. Cooper, 566 U.S. 156, 165 (2012) (internal citations omitted).
[5] United States v. Freeman, 818 F.3d 175, 178 (5th Cir. 2016).
[6] Strickland v. Washington, 466 U.S. 668, 687–88, 694 (1984).
[7] Lee v. United States, 137 S. Ct. 1958, 1964 (2017) (quoting *Strickland*, 466 U.S. at 688) (emphasis added).
[8] United States v. Fields, 565 F.3d 290, 294 (5th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689).

circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'"[9] Overall, "judicial scrutiny of counsel's performance must be highly deferential."[10]

"To establish *Strickland* prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"[11] "A failure to establish either deficient performance or resulting prejudice defeats the [defendant's] claim."[12]

### A. Trial Counsel

First, Defendant argues that his trial counsel engaged in constitutionally deficient representation by (1) failing to interview and call as a witness his girlfriend, Marleny Asprilla, and (2) interfering with Defendant's decision to testify. Defendant argues that his girlfriend would have offered testimony that Defendant was a "hardworking family man" who did not "exhibit the characteristics of a large scale drug dealer."[13] He also argues that he was unaware that the decision of whether to testify on his own behalf was his to make and not his attorney's.

This Court does not find that either allegation shows objectively unreasonable representation. The purported testimony of Asprilla would have offered only character evidence, not fact testimony crucial to Defendant's

---

[9] *Id.* at 294 (quoting *Strickland*, 466 U.S. at 689).
[10] *Id.* (quoting *Strickland*, 466 U.S. at 689).
[11] *Lafler*, 566 U.S. at 163 (quoting *Strickland*, 466 U.S. at 694).
[12] United States v. Chavez, 193 F.3d 375, 378 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 697).
[13] Doc. 1446-2, p.11.

4

defense.[14] "This is not a case in which the defendant's attorneys failed to act while potentially powerful mitigating evidence stared them in the face."[15] "It is instead a case, like *Strickland* itself, in which defense counsel's 'decision not to seek more' mitigating evidence from the defendant's background 'than was already in hand' fell 'well within the range of professionally reasonable judgments.'"[16]

Likewise, Defendant has not shown that his attorney interfered with his right to testify in his defense. Defendant admits in the declaration attached to his motion that he learned that he had a constitutional right to testify when this Court informed him of such during his trial.[17] The record shows that Defendant then knowingly and voluntarily waived that right.[18] A violation of Defendant's right to testify would occur only if the decision was made "against his will."[19] The record does not reflect such a violation. Further, "the decision whether to put a Defendant on the stand is a judgment call which should not easily be condemned with the benefit of hindsight."[20]

Even assuming, however, that counsel's alleged shortcomings represented objectively unreasonable representation, Defendant has not shown that they resulted in prejudice. Aspirilla's declaration indicates only

---

[14] *See* Gray v. Lucas, 677 F.2d 1086, 1094 (5th Cir. 1982) ("[T]he witnesses which Gray now claims should have been interviewed were not eyewitnesses to the crime and therefore crucial to the defense of the case. They were character witnesses.").

[15] Bobby v. Van Hook, 558 U.S. 4, 11 (2009).

[16] *Id.* (quoting *Strickland*, 466 U.S. at 699).

[17] Doc. 1447-1.

[18] Doc. 993.

[19] Jordan v. Hargett, 34 F.3d 310, 312 (5th Cir. 1994), *on reh'g en banc*, 53 F.3d 94 (5th Cir. 1995).

[20] United States v. Garcia, 762 F.2d 1222, 1226 (5th Cir. 1985) (internal quotations omitted).

5

that she would have offered evidence regarding (1) Defendant's good character, namely that he was a hard-working family man who ran a car sales business, and (2) the mistreatment they experienced during the search of their home and Defendant's arrest.[21] Defendant's declaration indicates that he would have testified that (1) he only knew his co-defendants through his car sales business, (2) the stash house was not his, and (3) he was mistreated and threatened by a DEA agent during his arrest.[22] The cumulative effect of Aspirilla's and Defendant's purported testimony would not have overcome the overwhelming physical evidence offered by the Government at trial, namely that Defendant threw a metal drug press, which contained 405 grams of heroin, over the back fence of his home during the execution of a search warrant. Accordingly, Defendant has not shown that his conviction suffered from ineffective assistance of counsel.

### B. Sentencing Counsel

Next, Defendant complains that his sentencing counsel was constitutionally deficient because he failed to specifically object to the use of the conspiracy-wide drug quantity to set Defendant's statutory maximum. Defendant contends that the jury should have been asked to find the amount of heroin attributable to Defendant for sentencing purposes. He argues that because it used the conspiracy-wide quantity, the Court applied a statutory maximum of life, while an individual finding would have resulted in a statutory maximum of 20 years.

---

[21] Doc. 1447-2.
[22] Doc. 1447-1.

Even assuming Defendant's argument is correct, he cannot show that he was prejudiced by this error. In March 2017, Defendant's sentence was reduced to 235 months pursuant to 18 U.S.C. § 3582(c). Accordingly, even if the statutory maximum sentence he could have received was 20 years, he is now sentenced to less than that amount. He therefore cannot show that he was prejudiced by his counsel's failure to raise this objection at sentencing.

Defendant argues in his reply that he is still prejudiced by this error because the conspiracy-wide quantity was also used to set his guideline range. This is simply untrue. The Court specifically found based on the facts presented at trial that Defendant was personally responsible for between three and ten kilograms of heroin, resulting in a base offense level of 34 and informing the guideline range.[23] This argument for relief under § 2255 also fails.

### C. Appellate Counsel

Finally, Defendant contends that his appellate counsel was ineffective for failing to ensure that his sentencing memorandum was included in the record on appeal. He argues that this failure prevented the Fifth Circuit from considering the aforementioned challenge to his statutory maximum. Here again, Plaintiff cannot show prejudice under *Strickland* for the reasons identified above.

---

[23] Doc. 970, p.6; *see also* United States v. Haines, 803 F.3d 713, 743 (5th Cir. 2015) ("In calculating Iturres-Bonilla's Guidelines range, the district court determined that Iturres-Bonilla was responsible for between three and ten kilograms of heroin as part of the conspiracy. This triggered a base offense level of 34. USSG 2D1.1(c)(3). At sentencing, the court made several factual findings in support of this quantity.").

## **CONCLUSION**

For the foregoing reasons, Defendant's request for § 2255 relief is **DENIED**, and his Motion to Expand the Record is **GRANTED**.

New Orleans, Louisiana this 30th day of September, 2019.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**