**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 11-271** |
| **JOSE ITURRES-BONILLA** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendant Jose Iturres-Bonilla's Second Motion for Compassionate Release (Doc. 1911). For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Defendant Jose Iturres-Bonilla is currently serving a 235-month sentence for conspiracy to possess with intent to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 841(a)(1) and use of a communication facility in violation of 21 U.S.C. § 843(b).[1] Defendant has served 15 years of his 235-month sentence and is scheduled to be released in September 2027.

[1] At the time of his sentencing, Defendant's sentencing guideline range was 292 to 365 months. He was sentenced to 292 months. Defendant later received a sentence reduction under 18 U.S.C. § 3582(c)(2) based on retroactive changes to the guideline sentencing range applicable to his crimes. Defendant's new guideline range was 235 to 293 months, and he was resentenced to 235 months on March 1, 2017.

On July 22, 2022, Defendant moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) on several grounds, including his health, family circumstances, and disparity in sentencing. This Court denied Defendant's Motion, holding that he had not shown an extraordinary and compelling reason for compassionate release.

On July 1, 2026, Defendant again moved for compassionate release on the grounds of sentencing disparity and family circumstances. The Government opposes. This Court will consider each argument in turn.

## LEGAL STANDARD

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582."[2] Section 3582(c), as amended by the First Step Act, states in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—(1) in any case—(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—(i) extraordinary and compelling reasons warrant such a reduction[.]

The statute does not define "extraordinary and compelling reasons." Rather, the Sentencing Commission was directed by Congress to promulgate

---

[2] United States v. Garcia, 606 F.3d 209, 212 (5th Cir. 2010).

policy statements describing what should be considered an extraordinary or compelling reason for sentence modification. On November 1, 2023, the Sentencing Commission issued an amended policy statement that sets forth circumstances that are considered "extraordinary and compelling."[3] These include the defendant's health, age, family circumstances, whether the defendant was a victim of abuse while incarcerated, and "other reasons."[4] "Other reasons" are defined as those that are "similar in gravity" to the reasons described in the policy statement.[5] The defendant has the burden of proving he is entitled to compassionate release.[6]

## LAW AND ANALYSIS

Defendant shows that he has satisfied the administrative exhaustion requirements of § 3582(c)(1)(A), and this Court will therefore consider his request on its merits. Defendant seeks compassionate release because of (1) the gross disparity in his sentence, and (2) the need to serve as a caregiver for his ill sister. The Court will consider each argument in turn.

### A. Sentencing Disparity

First, Defendant asks this Court to reduce his sentence because it is an "unusually long sentence" under the terms of U.S.S.G. § 1B1.13(b)(6) based on non-retroactive changes in the law. In *Rutherford v. United States*, however, the United States Supreme Court recently invalidated U.S.S.G. § 1B1.13(b)(6) and held that a nonretroactive change to a sentencing law cannot be an

---

[3] U.S.S.G. § 1B1.13 (amended Nov. 1, 2023).

[4] *Id.*

[5] *Id.*

[6] United States v. Bolton, 732 F. Supp. 3d 546, 549 (E.D. La. 2024), *aff'd*, No. 24-30574, 2025 WL 1219192 (5th Cir. 2025).

"extraordinary and compelling reason" for compassionate release.[7] Accordingly, this argument fails.

Defendant also argues that there is a sentencing disparity between his sentence and those given to his co-defendants and other similarly situated defendants. Defendant made similar arguments in his first Motion for Compassionate Release. Defendant's arguments again fail to show an extraordinary and compelling reason for compassionate release based on sentencing disparity for the same reasons already provided by this Court.[8] Defendant received a sentence at the bottom of his properly calculated guideline range, and this Court finds that there is no disparity that warrants compassionate release.

**B. Family Circumstances**

Next, Defendant argues that his family circumstance warrants compassionate release. The sentencing guidelines provide the following guidance as to when family circumstances constitute an extraordinary and compelling reason for release.

> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

[7] Rutherford v. United States, 608 U.S. 454, 473 (2026).
[8] Doc. 1781.

> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, "immediate family member" refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

Defendant argues that he is the sole caregiver for his 63-year old sister who recently suffered a stroke and is unable to speak or move. However, Defendant has not provided evidence that proves his sister's medical condition or her limitations. Defendant attached to his reply brief 13 pages of his sister's medical records, written in Spanish. Defendant does not provide a translation, but several of the pages are EKG doppler images without any diagnosis and others appear to be from a dermatologist. Further, all of the records are dated from May through October of 2025, making Defendant's July 2026 compassionate release request appear to lack urgency toward his sister's medical needs. "Courts in this circuit have routinely denied compassionate release to defendants seeking to care for ill relatives where the defendant does not produce 'verifiable medical documentation' showing the relative needing care is incapacitated."[9] Accordingly, the Court finds that Defendant did not

[9] United States v. Barragan-Espino, No. CR 08-0121, 2026 WL 852137, at *5 (W.D. La. Mar. 27, 2026).

meet his burden of establishing an extraordinary and compelling circumstance. [10]

Finally, the Court notes that it is heartened by the sincere rehabilitation and progress that Defendant has made while incarcerated. However, it is well-settled that rehabilitation alone is not sufficiently "extraordinary or compelling" to warrant compassionate release.[11] Indeed, in advising the Sentencing Commission to define "extraordinary and compelling reasons," Congress provided just one restriction: "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."[12] "[R]ehabilitation is expected, not extraordinary."[13] Accordingly, without an extraordinary and compelling reason, this Court is without power to grant compassionate release.

## CONCLUSION

For the foregoing reasons, the Motion is **DENIED**.

New Orleans, Louisiana this 24th day of November, 2026.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

[10] Because this Court finds no extraordinary and compelling reason for release, it need not consider the factors of § 3553(a).

[11] *See* United States v. Hughes, No. 4:18-CR-46(25), 2022 WL 2483720, at *4 (E.D. Tex. July 6, 2022) (and cases cited therein).

[12] 28 U.S.C. § 994.

[13] United States v. Carrera, No. 3:14-CR-0367-B-40, 2023 WL 1070609, at *4 (N.D. Tex. Jan. 27, 2023).